IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIP COBB, | ) | |
|     Petitioner, | ) | Civil Action No. 09-210 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BRADLEY MASON, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

### II. REPORT

Before the Court is Petitioner Kip Cobb's petition for a writ of habeas corpus. He contends that the sentence imposed by the Court of Common Pleas of McKean County on or around January 25, 2007, following a probation revocation hearing, was "harsh" and that his attorney was ineffective for failing to challenge it.

#### A. Relevant Background

On November 6, 2003, Petitioner appeared before the Court of Common Pleas of McKean County at Criminal Docket No. 428 of 2003 and pleaded guilty to several crimes, including unlawfully operating a motor vehicle while under the influence of alcohol or a controlled substance, criminal trespass, fleeing and eluding a police officer. (ECF No. 12-4 at 9). The trial court sentenced him on

1

December 11, 2003, to an aggregated term of imprisonment of not less than 122 days nor more than 23 ½ months, to be followed by one year of probation. He was given credit for time served and was granted immediate parole. (ECF No. 12-5 at 20).

In December of 2006, Petitioner's probation officer filed a petition for revocation of probation. (ECF No. 12-7 at 5). The Court of Common Pleas held a hearing on January 11, 2007. (ECF No. 12-7 at 4). Petitioner was represented by an attorney with the Public Defender's Office. (ECF No. 12-7 at 7).

On January 25, 2007, the Court of Common Pleas issued an Order in which it revoked Petitioner's probation and sentenced him to a term of imprisonment. (ECF No. 12-7 at 10-11). Petitioner did not appeal his sentence to the Superior Court of Pennsylvania. Nor did he file a motion for collateral relief under Pennsylvania's Post Conviction Relief Act and contend, as he does here, that his counsel was ineffective for failing to file a direct appeal.

Petitioner seeks relief from his January of 2007 judgment of sentence in federal habeas. He commenced this proceeding in the U.S. District Court for the Eastern District of Pennsylvania, which subsequently transferred it to this Court. On August 26, 2011, Respondents filed an Answer and the relevant state court records (ECF No. 12), and the case is now ripe for review.

### B.  Discussion

#### 1.  The Petition Is Untimely

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). AEDPA requires, with a few exceptions not applicable

2

here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[1]

In this case, Petitioner's judgment of sentence became final on or around Monday, February 26, 2007, which is 30 days after the Court of Common Pleas entered its judgment of sentence, and thus the date the time for filing a direct appeal to the Superior Court of Pennsylvania expired. See Pa.R.A.P. 903(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). He had one year from that date, or until on or around February 26, 2008, to file a timely federal habeas petition with this Court. He commenced this proceeding well after that date. Therefore, the petition is untimely and should be denied for that reason.

### 2. Petitioner's Claim Is Procedurally Defaulted

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

---

[1] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claim is not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claim is based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As set forth above, Petitioner did not exhaust the claim that he raises in the instant federal habeas petition. Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 164. Here, it would be "futile" for Petitioner to return to state court and attempt to litigate unexhausted habeas claims now because he is foreclosed from doing so under Pennsylvania law.[2]

A finding by a district court that exhaustion is "futile" generally results, as it does here, in a finding that the claims at issue are barred from federal habeas review. The U.S. Court of Appeals for the Third Circuit has repeatedly instructed that in instances in which exhaustion is excused on futility grounds, the claims at issue "are deemed procedurally defaulted." Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural

---

[2] The PCRA expressly limits the availability of relief and requires, with few exceptions not applicable here, that a post-conviction petition be filed within one year of the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Since more than one year has passed since Petitioner's judgment of sentence became final, any PCRA motion that he might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts. Additionally, if Petitioner returned to state court to attempt to litigate his claim in another PCRA motion, the state court likely would determine that he had waived it. See 42 Pa.C.S. § 9544(b).

4

default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Based upon all of the forgoing, Petitioner's claim should be denied because, in addition to being untimely, it is procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standards here, jurists of reason would not find it debatable whether Petitioner's claim should be denied. Accordingly, a certificate of appealability should be denied.

5

## III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  October 7 , 2011

cc:     The Honorable Sean J. McLaughlin
        United States District Judge